Adam I. Gafni, Esq. (SBN 230045)
**GAFNI & LEVIN, LLP**
11811 San Vicente Blvd.
Los Angeles, California 90049
Telephone: 424.744.8344
Email: adam@gafnilaw.com

Attorney for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>HRH COLLECTION a.k.a. HRH, an unknown business entity; ALEXANDRA E. PEIRCE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-08476-SB-SK (Copyright Infringement)<br><br>**DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Date Action Filed: October 2, 2024 |

Defendant ALEXANDRA E. PEIRCE, an individual who does business as a sole proprietorship under the name HRH COLLECTION and HRH COLLECTION a.k.a. HRH, an unknown business entity which was erroneously named as a separate entity (collectively, "Defendant")[1], by its undersigned attorneys answer the underlying Complaint ((Dkt.1)("Complaint")) of Chrome Hearts LLC, a Delaware Limited Liability Company ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent paragraph 1 contains any factual allegations, Defendant lacks sufficient information to either deny or admit the allegations and on that basis denies them.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent paragraph 2 contains any factual allegations, Defendant lacks sufficient information to either deny or admit the allegations and on that basis denies them.

3. Defendant admits that she resides and maintains a principal place of business in California as well as conducts continuous and systematic business in this State. Defendant admits that she has sold or offered for sale in California the 6 products depicted in the photographs in the Complaint at page 7 line 3 – page 8 line 10, but Defendant denies the remaining allegations of Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 5 and on that basis denies them.

6. Defendant admits that HRH Collection does business at 15 East MacArthur Pl #1106, Santa Ana, CA 92707, but denies that it is a separately incorporated entity from Defendant Pierce as HRH Collection operates as a sole proprietorship and Defendant otherwise denies the remaining allegations of

---

[1] To the extent the Complaint names two (2) defendants erroneously, each defendant is answering the Complaint as "Defendant", but for clarity Defendant Pierce operates the alleged business entity "HRH Collection" as a sole proprietorship and therefore it is not a separate entity or proper separate defendant in this matter.

Paragraph 6.

7.  Defendant admits that Alexandra Pierce is the owner of HRH Collection and resides in Los Angeles, California and otherwise denies the remaining allegations of Paragraph 7.

8.  Paragraph 8 contains legal conclusions to which no response is required and to the extent that a response is required, Defendant denies the allegations in Paragraph 8.

9.  Paragraph 9 contains legal conclusions to which no response is required and to the extent that a response is required, Defendant denies the allegations in Paragraph 8.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**A. The Chrome Hearts Brand and Trademarks[2]**

10. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 10 and on that basis denies them.

11. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 11 and on that basis denies them.

12. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 12 and on that basis denies them.

13. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 13 and on that basis denies them.

14. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 14 and on that basis denies them.

15. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 15 and on that basis denies them.

16. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 16 and on that basis denies them.

---

[2] The use of headings is only to mirror the headings in the Complaint and to the extent required Defendant denies all allegations in the headers.

17. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 17 and on that basis denies them.

18. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 18 and on that basis denies them.

19. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 19 and on that basis denies them.

20. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 20 and on that basis denies them.

21. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 21 and on that basis denies them.

22. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 22 and on that basis denies them.

23. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 23 and on that basis denies them.

24. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 24 and on that basis denies them.

25. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 25 and on that basis denies them.

26. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 26 and on that basis denies them.

27. Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 27 and on that basis denies them.

28. As to Paragraph 28, Defendant admits that she has sold, marketed, and offered for sale the products shown in the photographs at Complaint page 7 line 3 – page 8 line 11 ("Depicted Products"), and denies the remaining allegations of Paragraph 28.

29. As to Paragraph 29, Defendant admits that she has used the website shophrh.co (owned by Defendant), and Instagram (@therealhrhcollection) to market

and promote jewelry products and accessories, including the Depicted Products and that such are accessible throughout the United States, including this judicial district, but otherwise denies the remaining allegations in Paragraph 29. Defendant has also used and/or Youtube (@hrhcollection) to market jewelry but otherwise lacks sufficient information presently to admit or deny whether the Depicted Products have been marketed on that platform and on that basis denies the allegation. Defendant admits it has sold the Depicted Products through shophrh.com. Defendant denies the remaining allegations of Paragraph 29.

30. As to Paragraph 30, Defendant admits that all of Depicted Products have been shown and sold on shophrh.co, shown on Instagram (@therealhrhcollection) and ais without sufficient information and belief as to whether such have been shown on Youtube (@hrhcollection) and therefore denies the allegations as to Youtube. Defendant denies the remaining allegations of Paragraph 30. To the extent the allegations of Paragraph 30 also contain legal conclusions no response is required and Defendant also denies those.

31. As to Paragraph 31, Defendant admits it has sold the Depicted Products but currently lacks sufficient information or belief to admit or deny that it has sold and shipped the Depicted Products to consumers in this judicial district and on that basis denies the remaining allegations of Paragraph 31.

32. Defendant denies the allegations as to Paragraph 32.

33. As to Paragraph 33, Defendant admits that it does not have any express license agreement with Chrome Hearts, but otherwise denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

## FIRST CAUSE OF ACTION

**(Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)**

36.   As to Paragraph 36, Defendant incorporates by reference its responses to the preceding paragraphs as though fully set forth herein and to the extent any further response is required denies the allegations of Paragraph 36.

37.   Paragraph 37 contains legal conclusions to which no response is required and to the extent that a response is required, Defendant denies the allegations in Paragraph 37.

38.   Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 38and on that basis denies them.

39.   Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 39 and on that basis denies them.

40.   Defendant denies the allegations in Paragraph 40, except that Defendant lacks sufficient information and belief to admit or deny the allegations in Paragraph 40 as to whether Chrome Hearts purchased any particular product from Defendant and on that basis denies such allegations in Paragraph 40.

41.   Defendant denies the allegations Paragraph 41.

42.   Defendant denies the allegations Paragraph 42.

43.   As to Paragraph 43, Defendant admits that it has not sought Chrome Heart's permission to engage in any activity, but otherwise denies the allegations Paragraph 43 including that it engaged in the activities alleged.

44.   Defendant denies the allegations Paragraph 44.

45.   Defendant denies the allegations Paragraph 45.

46.   Paragraph 46 contains only a legal conclusion to which no response is required and to the extent any response is required, Defendant denies the allegations Paragraph 46

47.   Paragraph 47 contains only a legal conclusion to which no response is required and to the extent any response is required, Defendant denies the allegations

Paragraph 47.

## SECOND CAUSE OF ACTION

### (False Designation of Origin and False Descriptions – 15 U.S.C. § 1125(a))

48. As to Paragraph 48, Defendant incorporates by reference its responses to the preceding paragraphs as though fully set forth herein and to the extent any further response is required denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant admits that she has not sought permission of Chrome Hearts for any activity but otherwise denies that she engaged in the activities alleged and otherwise denies the remainder of the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Paragraph 52 contains only a legal conclusion to which no response is required and to the extent any response is required, Defendant denies the allegations Paragraph 52

53. Paragraph 53 contains only a legal conclusion to which no response is required and to the extent any response is required, Defendant denies the allegations Paragraph 53.

## THIRD CAUSE OF ACTION

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.)

54. As to Paragraph 54, Defendant incorporates by reference its responses to the preceding paragraphs as though fully set forth herein and to the extent any further response is required denies the allegations of Paragraph 54.

55. Defendant is without sufficient information and belief to admit or deny the allegations in Paragraph 55 and for that reason denies such allegations.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Paragraph 64 contains only a legal conclusion to which no response is required and to the extent any response is required, Defendant denies the allegations Paragraph 64.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement and Unfair Competition)

65. As to Paragraph 65, Defendant incorporates by reference its responses to the preceding paragraphs as though fully set forth herein and to the extent any further response is required denies the allegations of Paragraph 65.

66. Defendant is without sufficient information and belief to admit or deny the allegations in Paragraph 66 and for that reason denies such allegations.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Paragraph 73 contains only a legal conclusion to which no response is required and to the extent any response is required, Defendant denies the allegations Paragraph 73.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

74. Although not required, Defendant denies the allegations and the requests seemingly asserted as part of a Prayer for Relief, including paragraphs 1-10 in

Plaintiffs' Amended Complaint, and denies that Plaintiffs, individually or jointly, are entitled to any judgments, declaration(s), attorney's fees, costs, expenses, or other relief. Based on its denial of the allegations in the Complaint, Defendant prays that the Court dismiss the Action in its entirety with prejudice, that Plaintiffs are not awarded any of the relief sought, and that all costs of this action, including Defendant's attorneys' fees and expenses, be cast onto Plaintiff for failing to prevail on the merits of its lawsuit.

## DEMAND FOR JURY TRIAL

Plaintiff's Jury Demand is a demand, not an allegation, and does not require an admission or denial.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendant asserts the following additional defenses, without assuming the burden of proof when the burden of proof on any issue would otherwise rest with Plaintiffs. Defendant expressly reserves the right to amend its answer and defenses as additional information becomes available and/or is otherwise discovery:

## FIRST AFFIRMATIVE DEFENSE
### (No Subject Matter Jurisdiction)

Plaintiffs' lawsuit against Defendant is barred in whole or part because Plaintiff failed to plead any basis for this Court to exercise subject matter jurisdiction over Plaintiffs' purported California state law claims.

## SECOND AFFIRMATIVE DEFENSE
### (Trademark Misuse)

Plaintiff's claims against Defendant and/or recovery on their claims against Defendant are barred, in whole or in part, because their purported intellectual property is unenforceable due to Plaintiff's misuse of the purported rights in and to the

Trademarks at issue in this lawsuit.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands/Equitable Estoppel)

Plaintiff's claims against Defendant are also barred in whole or part by the doctrine of unclean hands and equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff may not recover any damages in this action because it would constitute unjust enrichment and the equities weigh in favor of Defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (Priority)

Plaintiff's claims against Defendant are barred, in whole or part to the extent of any Defendant use of the claimed marks (if any) began prior to Plaintiff's.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalidity-Descriptive/Genericness)

Plaintiff's claims made against Defendant are barred, in whole or in part, on grounds that some or all of the marks at issue are generic and/or descriptive.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Secondary Meaning)

Plaintiff's claims made against Defendant are barred, in whole or in part, on grounds that some or all of the marks at issue lack secondary meaning and/or failed to acquire secondary meaning.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

Plaintiff's claims for injunctive relief are barred, in whole or in part, on grounds that Plaintiff cannot show it will or has suffered irreparable harm from Defendant's actions.

## NINTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's' claims for injunctive relief are barred, in whole or in part, on grounds that if Plaintiff's did allege or could allege any injury or harm caused by Defendant, which it did not and could not, such injury or damages would be adequately compensated by monetary damages. As such, Plaintiff would have a complete and adequate remedy at law and is not entitled to injunctive/equitable relief.

## TENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiffs' claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States, and/or are otherwise privileged and protected communications.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

Without admitting the Complaint states claims for relief, any remedies are limited to the extent Plaintiff is seeking an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred and should be stricken because Plaintiffs failed to mitigate, minimize, or attempt to avoid damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Cumulative Remedies)

To date, Plaintiff have yet to specify with any degree of certainty the damages or damages theories it seeks from Defendant. To that end and out of the abundance of caution, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiffs seek cumulative remedies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No causation)**

Plaintiff cannot recover damages because it cannot show any causation between its alleged injury and Defendant's alleged conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Forfeiture/Abandonment/Naked License)**

Plaintiff's claims against Defendant are barred to the extent they have forfeited or abandoned the Trademarks and/or intellectual property at issue in this lawsuit.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Laches, Waiver, Acquiescence and Estoppel)**

Plaintiff's claims are barred in whole or part by the doctrines of laches, waiver, acquiescence and estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Fair Use and Good Faith)**

Plaintiff's claims are barred by the doctrine of fair use, including but not limited to that the extent Defendant used the mark(s) such were used not as a trademark and/or to indicate source, were used fairly and in good faith, and only descriptive.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Complaint:

A.    The Complaint be dismissed with prejudice and Plaintiff shall take nothing by reason of the Complaint;

B.    For judgment entered in favor of Defendant and against Plaintiff in the action;

C.    For an order that Defendant be awarded from Plaintiff her attorneys' fees, expenses, and costs incurred in defense of the principal action;

D.    For an award of Defendant's costs and expenses of litigation, including reasonable attorneys' fees;

E. And for an award of such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Date: January 3, 2025                    GAFNI & LEVIN LLP

By: /s/Adam I. Gafni
Adam I. Gafni
Attorneys for Defendant

# DEMAND FOR JURY TRIAL

Defendant further demands a trial by jury on all claims and issues so triable.

                                            Respectfully submitted,

Date:   January 3, 2025             GAFNI & LEVIN LLP

                                By: */s/Adam I. Gafni*
                                      Adam I. Gafni
                                      Attorneys for Defendant